INTERNATIONAL HARVESTER CO. v. RICHARDSON MFG. CO.

(Circuit Court of Appeals, First Circuit. December 6, 1910.)

No. 854.

PATENTS (§ 328*)—INFRINGEMENT—MANURE SPREADER.

The Kemp patent, No. 632,124, for an improvement in manure spreaders, narrowly construed, as it must be to sustain its validity, in view of the prior art, *held* not infringed by the device of the Brown patents, Nos. 731,539 and 821,779.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Suit in equity by the International Harvester Company against the Richardson Manufacturing Company. Decree for defendant (172 Fed. 436), and complainant appeals. Affirmed.

Robert H. Parkinson and Thomas A. Banning (Banning & Banning, on the brief), for appellant.

Guy Cunningham and Fish, Richardson, Herrick & Neave, for appellee.

Before PUTNAM and LOWELL, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. The Kemp patent concerns a manure spreader.

Certain claims having reference to a tailboard, which holds the manure away from the beater, and prevents it from clogging while the load is being put into the box, and prevents the manure from coming in contact with the beater before the beater is put in operation to do the work of spreading, and to a stop, which prevents the bottom of the cart and the beater from being actuated before the tailboard is raised from between the manure and the beater, were held by the court below to be valid, with the faint praise that the problem involved was not a difficult one, and that the complainant was therefore not entitled to a broad patent or a broad construction of the claims. The case in the Circuit Court was reported in 172 Fed. 436.

What the patentee intended to provide was something for raising the tailboard by a mechanism starting at the front of the wagon near the driver's seat, and connecting with the rear part of the wagon, whereby the tailboard could be raised, and the beater set in motion to operate upon the load of manure, thereby spreading it upon the ground—together with a stop which should prevent the mechanism designed to move the bottom of the cart box and its load rearward upon the beater from being thrown into gear before the tailboard or gate is raised.

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The patent in these respects was held valid upon such a characterization of the problem involved as would not entitle it to be accepted as a broad patent, and there was no considerable argument before us upon any question as to its validity. Still, as we have to deal with the question of infringement, involving equivalents, it is perhaps not out of place to say that, upon the view we take of the patent, it would at best not receive a more favorable construction in respect to merit than that expressed by the Circuit Court.

We see no reason for disagreeing with the decision of the court below on the question of infringement. Apparently the range of equivalents, as applied to this particular case, was made to depend very much upon the nature of the invention, and, in view of the fact that to sustain the invention must be held to be narrow, the rule in respect to a liberal range of equivalents is, of course, inadmissible. Thus, denying the liberal rule of equivalents, and limiting the Kemp patent to one covering the particular arrangement or means devised and described for accomplishing the result of locating a tailboard in front of the spreader, with means for raising and lowering it, and for preventing the starting of the machine before the board is raised, the learned judge proceeds to a very careful and exhaustive analysis and description of the Kemp device and that of the alleged infringing device and mechanism, with the result of showing that they are substantially different in structure, and in mode of operation. We entirely agree, because we think the circumstances warrant it, with the observation of the Circuit Court that this is not a case in which a defendant has taken the substance of a patent, and has sought to evade infringement through constructing a machine like the patented one with simple changes in details. We do not expressly affirm that part of the decision below which deals with the question of invention involved in the Kemp patent, but leave it with the faint indorsement which that court accorded to it, and, fully agreeing, as we do, with the reasoning and the result as to noninfringement, we have no occasion for reviewing and restating the various substantial differences in the mechanism of the two machines.

The decree of the Circuit Court is affirmed, and the appellee recovers its costs of appeal.